**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **PARK NATIONAL BANK - TRUSTEE OF THE MABEL J. BOWEN IRREVOCABLE TRUST AGREEMENT dated JANUARY 18, 2014,** | : : : : : | |
| Plaintiff, | : : | Case No. 21-CV-5803 |
| vs. | : : : | Judge: |
| **SOUTHWESTERN ENERGY CORPORATION,** a publicly held Delaware corporation, | : : : : | |
| and | : : | |
| **MONTAGE RESOURCES CORPORATION,** a publicly held Delaware corporation, | : : : : | |
| and | : : | |
| **ECLIPSE RESOURCES I, LP CORPORATION,** a Delaware Limited partnership, | : : : : | **JURY DEMAND ENDORSED HEREON** |
| Defendants. | : : | |

## COMPLAINT

### PRELIMINARY STATEMENT

Plaintiff Park National Bank – Trustee of the Mabel J. Bowen Irrevocable Trust seeks damages against Defendants Southwestern Energy Corporation, Montage Resources Corporation, and Eclipse Resources I, LP (collectively "Defendants") regarding a breach of contract for royalty payments due under an oil and gas lease for the extraction of oil and gas from private property in Monroe County, Ohio of which title is held by an irrevocable trust with

Plaintiff as the corporate trustee of the trust. Defendant Eclipse Resources I, LP, who had originally contracted for the land use, was then a subsidiary of Defendant Montage Resources Corporation, who was later acquired by Defendant Southwestern Energy Corporation. This action arises after numerous attempts by Plaintiff to recover the royalty payments due it under a certain oil and gas lease. Defendants have denied royalty payments and continue to withhold royalty payments due to Plaintiff with no justification.

## JURISDICTION & VENUE

1. This Court has original jurisdiction over Plaintiffs' Breach of Contract claim pursuant to 28 U.S.C. § 1332 as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

2. This Court has supplemental jurisdiction over Plaintiff's unjust enrichment and statement on account claims as they form part of the same case or controversy as Plaintiff's Breach of Contract claim.

3. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(2) as the real property that is the subject of this action is situated in this court's district.

4. Pursuant to Fed. R. Civ. P. 20(a)(2)(A), Defendants are joined in this action as any right to relief is asserted against them jointly and questions of law and fact common to all Defendants will arise in this action.

## PARTIES

5. Plaintiff Park National Bank – Trustee of the Mabel J. Bowen Irrevocable Trust ("Bowen Trust Trustee") is the trustee of the Mabel J. Bowen Irrevocable Trust Agreement dated January

18, 2014, with its principal place of business located at 50 North Third Street, Newark, Ohio 43055 in Licking County, Ohio.

6. Defendant Southwestern Energy Corporation ("Southwestern") is a domestic for-profit corporation with its principal place of business located at 10000 Energy Drive, Spring, TX 77389 in Harris County, Texas, whose statutory agent is The Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, DE 19801.

7. Defendant Montage Resources Corporation ("Montage") is a domestic for-profit corporation with its principal place of business located at 122 W John Carpenter Fwy, #300, Irving, TX 75039 in Dallas County, Texas, whose statutory agent is The Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, DE 19801. Upon terms and subject to the conditions of an August 12, 2020 Merger Agreement, Montage agreed to merge with and into Southwestern, with Southwestern continuing as the surviving company.

8. Defendant Eclipse Resources I, LP ("Eclipse") is a domestic limited partnership with its principal place of business located at 2121 Old Gatesburg Road, Suite 110, State College, PA 16803 in Mifflin County, Pennsylvania, whose statutory agent is The Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, DE 19801.

9. Upon information and belief, Eclipse is a wholly owned subsidiary of Defendant Montage.

## STATEMENT OF FACTS

10. On January 18, 2014, Mabel J. Bowen, as grantor created the the Mabel J. Bowen Irrevocable Trust Agreement (the "Bowen Trust") therein appointing Fairfield National Division of Park National Bank as Trustee.

11.     On February 1, 2014, Mabel J. Bowen executed a quit claim deed transferring all her right, title, and interest, including all rights she had in the ground minerals for the property commonly known as tax parcel # 09-004017.0000 consisting of 143.94 acres more or less (the "Property"), to the Bowen Trust Trustee. The quit claim deed was recorded with the Monroe County, Ohio Recorder's office on February 04, 2014, in official record Book 264 Page 871-873.

12.     On February 5, 2014, Plaintiff Bowen Trust Trustee and Defendant Eclipse entered an Oil and Gas Lease (the "Oil and Gas Lease") whereby Eclipse would pay to Bowen Trust Trustee certain royalties produced from all oil and any constituents produced and marketed from the Property. A true copy of the Oil and Gas Lease is attached as "**Exhibit 1**" and incorporated herein by reference.

13.      Also on February 5, 2014, Plaintiff Bowen Trust Trustee and Defendant Eclipse executed a Memorandum of Oil and Gas Lease (the "Lease Memorandum") which was recorded with the Monroe County, Ohio Recorder's office on February 21, 2014, in official record Book 266 Page 91-94. A true copy of the Lease Memorandum is attached as "**Exhibit 2**" and incorporated herein by reference.

14.     During negotiations on the terms of the Oil and Gas Lease, the parties discussed, reviewed, and verified the ownership interest in and to the Property to be that of Plaintiff Bowen Trust Trustee.

15.     Pursuant to paragraph 5(A) of the Oil and Gas Lease, Eclipse was to pay to Bowen Trust Trustee an advanced delay rental payment (the "Advanced Delay Rental Payment") in the amount of $7,000.00 per net mineral acre of the Property.

16. Upon the execution of the Oil and Gas Lease, Eclipse paid to the Bowen Trust Trustee, the Advanced Delay Rental Payment to secure Eclipse's rights to the oil and any constituents underlying the Property.

17. Pursuant to paragraph 5(B) of the Oil and Gas Lease, Eclipse was also to pay to Bowen Trust Trustee certain royalties produced from all oil and any constituents produced and marketed from the Property.

18. On January 9, 2019, Plaintiff Bowen Trust Trustee and Defendant Eclipse executed an Amendment and Ratification of Oil and Gas Lease (the "Lease Amendment"). A true copy of the Lease Amendment is attached as "**Exhibit 3**" and incorporated herein by reference.

19. Also on January 9, 2019, Plaintiff Bowen Trust Trustee and Defendant Eclipse also executed a Memorandum of Amendment and Ratification of Oil and Gas Lease (the "Lease Amendment Memorandum") which was recorded with the Monroe County, Ohio Recorder's office on January 28, 2019, in official record Vol 388 Page 1894-1897. A true copy of the Lease Amendment Memorandum is attached as "**Exhibit 4**" and incorporated herein by reference.

20. At no time during negotiations on the terms of the Lease Amendment, did Defendant Eclipse raise any concerns regarding the ownership interest in and to the oil and gas interests underlying the Property.

21. Upon the execution of the Lease Amendment, Eclipse paid to the Bowen Trust Trustee, the Extension Payment required by paragraph 1 of the Lease Amendment, to secure Eclipse's continued rights to the oil and any constituents underlying the Property.

22. Then, on January 28, 2019, Eclipse sent correspondence to the Bowen Trust Trustee indicating that one-half of the oil and gas rights to the Property are encumbered by one or more

prior severances of the oil and gas interest. A true copy of the letter is attached as "**Exhibit 5**" and incorporated herein by reference.

23. The January 28, 2019, correspondence from Eclipse stated that "one half of the royalty in and to the Property will be placed into suspense until ownership of the respective royalties can be determined."

24. On February 19, 2020, Plaintiff Bowen Trust Trustee filed a complaint to quiet title regarding the disputed oil and gas interests underlying the Property.

25. On August 17, 2020, the Monroe County Common Pleas Court granted Plaintiff Bowen Trust Trustee default judgment on its quiet title complaint thereby resolving all questions regarding ownership of the oil and gas rights to the Property. A true copy of the Court's Entry is attached as "**Exhibit 6**" and incorporated herein by reference.

26. Upon information and belief, on or about November 13, 2020, Defendant Southwestern completed the acquisition of Defendant Montage and its subsidiaries, including Defendant Eclipse.

27. On May 3, 2021, Plaintiff Bowen Trust Trustee, by and through counsel, sent certified mail correspondence to Defendant Eclipse, at the same address, notifying Eclipse that the court had adjudicated the question regarding ownership of the oil and gas rights to the Property and requesting release of the royalties held in suspense. A true copy of the May 3, 2021, correspondence is attached as "**Exhibit 7**" and incorporated herein by reference.

28. On May 4, 2021, Plaintiff Bowen Trust Trustee, by and through counsel, sent email correspondence to Southwestern Energy Owner Relations Support Group and received a response saying that the information submitted was forwarded to an analyst for review. No further correspondence was received. A true copy of the May 4, 2021, correspondence is attached as "**Exhibit 8**" and incorporated herein by reference.

29. On May 20, 2021, the U.S. postal service attempted delivery of the certified mail to Defendant Eclipse, but the mail was returned undeliverable and unable to forward. A true copy of the undeliverable mail receipt is attached as "**Exhibit 9**" and incorporated herein by reference.

30. On June 14, 2021, Plaintiff Bowen Trust Trustee, by and through counsel, sent another email to Southwestern Energy Owner Relations Support Group and received a response saying that the information submitted was forwarded to an analyst for review. No further correspondence was received. A true copy of the June 14, 2021, correspondence is attached as "**Exhibit 10**" and incorporated herein by reference.

## CLAIMS FOR RELIEF

### COUNT – ONE
(*Breach of Contract*)

31. Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

32. Plaintiff Bowen Trust Trustee executed the Oil and Gas Lease in consideration of Defendant Eclipse agreeing to pay to Bowen Trust Trustee certain royalties produced from all oil and any constituents produced and marketed from the Property.

33. Defendant Eclipse executed the Oil and Gas Lease in consideration of Plaintiff Bowen Trust Trustee granting quiet enjoyment of the Property for the purpose of extracting oil and its constituents underlying the Property.

34. Upon information and belief during the term of the Oil and Gas Lease, Defendant Eclipse withdrew oil and/or oil constituents from the Property.

35. Plaintiff Bowen Trust Trustee and Defendant Eclipse executed the Lease Amendment to extend the term to facilitate Defendant Eclipse's withdrawal of oil or oil constituents from the Property.

36. On or about January 2019, Defendant Eclipse paid a signing bonus to Plaintiff Bowen Trust Trustee as required under the Lease Amendment.

37. At all relevant times herein, Plaintiff Bowen Trust Trustee performed its duties and responsibilities as required under the Oil and Gas Lease and the Lease Amendment.

38. The Oil and Gas Lease provides that all rights, duties, and liabilities bind Defendant Eclipse's heirs, successors, and assigns.

39. By failing to pay royalties when due to Plaintiff Bowen Trust Trustee, Defendant Eclipse has breached the terms of the Oil and Gas Lease and the Lease Amendment.

40. By failing to pay royalties when due to Plaintiff Bowen Trust Trustee, Defendant Montage, as successor in interest to Defendant Eclipse, has breached the terms of the Oil and Gas Lease and the Lease Amendment.

41. By failing to pay royalties when due to Plaintiff Bowen Trust Trustee, Defendant Southwestern, as successor in interest to Defendant Eclipse and Defendant Montage, has breached the terms of the Oil and Gas Lease and the Lease Amendment.

42. As a result of said breach by Defendants, Defendants are liable to Plaintiff Bowen Trust Trustee for payment of all royalty payments improperly withheld as well as interest from the date the first payment was withheld.

### COUNT – TWO
(*Unjust Enrichment*)

43. Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

44. Plaintiff Bowen Trust Trustee conferred a benefit upon Defendants by granting them quiet enjoyment of the Property for the purpose of extracting oil and its constituents underlying the Property.

45. Defendants had knowledge of the benefit conferred by Plaintiff as Defendant Eclipse made a payment to Plaintiff Bowen Trust Trustee because of the Oil and Gas Lease and the Lease Amendments.

46. Defendants have been unjustly enriched because Defendants received the oil and oil constituents withdrawn from the Property and failed to compensate Plaintiff for the royalties owed under the Oil and Gas Lease and the Lease Amendment.

47. As a result of Defendants being unjustly enriched, Plaintiffs have suffered damages by failing to receive royalty payments in full and by failing to recognize profits from investment of the royalty payments.

## COUNT – THREE
*(Statement on Account)*

48. Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

49. There is due from Defendants, pursuant to the Oil and Gas Lease and the Lease Amendment, an amount exceeding $75,000 plus interest at the statutory rate from the date when royalty payments were due and payable to Plaintiff Bowen Trust Trustee.

50. Plaintiff Bowen Trust Trustee has made repeated demands of Defendants for royalty payments, Defendants have refused and continue to refuse to pay Plaintiff Bowen Trust Trustee the balance due on its account.

51. As a result of Defendants' failure to pay Plaintiff Bowen Trust Trustee the balance due on its account, Plaintiff Bowen Trust Trustee has been damaged in an amount exceeding $75,000, plus interest at the statutory rate from the dates the royalty payments were due and payable under the Oil and Gas Lease and the Lease Amendment until paid in full.

## DEMAND FOR JUDGMENT

**WHEREFORE,** Plaintiff respectfully demands judgement against Defendants as to all claims, including:

a. Find that Defendants breached the Oil and Gas Lease and the Lease Amendment contracts by failing to pay royalties to Plaintiff when due;

b. Find that Defendants have been unjustly enriched by failing to pay royalty payments when due to Plaintiff;

c. Order Defendants, jointly and severally, to provide a full accounting of all payments due and payable under the Oil and Gas Lease and/or the Lease Amendment contracts;

d. Order Defendants, jointly and severally, to pay all royalty payments due and payable under the Oil and Gas Lease and/or the Lease Amendment contracts plus interest at the statutory rate from the dates royalty payments were due and payable; and

e. Any other legal or equitable relief that the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands and requests Trial by jury of all issues that is triable by jury.

Respectfully Submitted,

**HALLOWES LAW GROUP LLC**

*/s/ Wesley T. Fortune*
Wesley T. Fortune (0085397)
1010 Jackson Hole Drive, Suite 200
Blacklick, Ohio 43004
Telephone:  (614) 759-4603
Facsimile:  (614) 868-0029
Electronic Mail: Wes@hlglawgroup.com
*Counsel for Plaintiff*